Wenzel, J.
(dissenting). The complaint alleges that the defendant, as landlord, instituted a summary proceeding to obtain possession, for his own use and occupancy, of the commercial space occupied by his tenant, the plaintiff, which resulted in the issuance of a warrant on February 1, 1949, and its service on the plaintiff, together with a notice to vacate; that plaintiff then sold all his machinery, equipment and raw materials to defendant and vacated the premises on or about February 7, 1949, “ solely by reason of the aforementioned ”; and that the defendant failed to occupy the premises and conduct his business therein “after thirty days subsequent to” the latter date and that he leased the premises to others within a period of a year thereafter.
In the defense in question, it is alleged that on February 7, 1949, the very day that plaintiff claims he left the premises, the parties agreed in writing that the final order in the summary proceeding be vacated and the summary proceeding itself be discontinued, and the defendant released the claim set forth in the complaint by written instrument; and that an order was made in the summary proceeding vacating the final order and discontinuing the proceeding.
Assuming, arguendo, that the complaint alleges a dispossession in violation of the statute (L. 1945, eh. 3, § 8, subd. [d]), the cause of action arose, if at all, at the time of such dispossession, and not upon defendant’s failure to occupy the premises himself within thirty days, or his reletting the same within a year. It is the absence of good faith of the landlord in furthering his claim that he sought possession for his own use, at the time of the alleged dispossession, which is the basis of the cause of action. The statutory provisions with respect to such actual possession by the landlord and to a reletting serve merely “to test, retroactively, the good faith of the landlord in accomplishing the tenant’s dispossession.” (Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38, 43.) Thus, the transaction, as pleaded in the defense, took place at the same time that the cause of action would have arisen, and not prior thereto.
A fair construction of the agreement, as pleaded, leads to the conclusion that the plaintiff did not vacate the premises by virtue of the requirement of the warrant, but rather in pursuance of the agreement. In that event, it would follow that the claimed liability of the landlord never arose. The release apparently was part of the transaction.
The statutory provision against waiver (L. 1945, ch. 3, § 12, as added by L. 1945, ch. 315, § 3) means that the right to invoke the statute in a given situation may not be relinquished. I do not regard the pleaded transaction as such relinquishment. If the defense be established, the statutory provisions which created the cause of action, and which the plaintiff claims were purportedly waived by the release, never were applicable in the first instance.
The agreement and the release are new matter, the proper subject of affirmative defense.
The order should be affirmed.
Carswell, Acting P. J., Johnston and MacCrate, JJ., concur in Memorandum by the Court; Wenzel, J., dissents and votes to affirm the order, in opinion in which Adel, J., concurs.
Order reversed, on the law, with $10 costs and disbursements, and the motion granted, without costs, with leave to defendant, if so advised, to serve an amended answer within ten days after the entry of the order hereon.